*J. B. Thompson, for appellant.*

*Kyle & Poston, for appellee.*

---

CITY OF HENDERSON v. D. R. BURBANK.

**Injunction—Usurpation of Authority.**

Where the direction of the common council to the marshal is usurpation of power, and if carried out, would amount to a trespass, a court of equity may enjoin the attempted exercise of such power.

**Municipal Corporations—Recovery of Possession of Property.**

If one is wrongfully in possession of property which belongs to the city, its possession can only be recovered by civil action.

APPEAL FROM HENDERSON CIRCUIT COURT.

October 14, 1873.

OPINION BY JUDGE PRYOR:

It is unnecessary to determine the legal propositions submitted by counsel on either side. The petition alleges an adverse holding by the appellee, and also the compromise between the City of Henderson and himself with reference to the land in controversy many years since, and the actual possession of the property by the appellee at the time and long prior to the settlement. These facts are admitted by the answer and sustained by the proof. Whether or not such a compromise was binding or vested the appellee with title the city had, this court does not decide, nor is it necessary to determine the question as to the adverse holding. It is sufficient to say, that the appellee held possession of the property for years at least claiming it as his own and we find no law authorizing the city council of Henderson to direct or require by its ordinance the town marshal to take property claimed by others and in the actual possession of the claimant. The passage of the ordinance is admitted and that the marshal was directed to free the streets from the obstructions placed in them by the appellee, such as fences, etc. This action on the part of the city as presented by the pleadings and proof would, if carried into effect by the marshal, have been a trespass upon the appellee's rights and resulted in a breach of the peace. The appellee had a right to defend his possession with force if necessary and the direction to the marshal to commit such a trespass was a usurpation of power on the part of the council not sanctioned by law, and the attempted exercise of which authorized a Court of Equity to interpose by an injunction. If the property belongs to the city, resort must be had to a civil action in order to recover the possession. The claim must be enforced by law and in no other way. Judgment perpetuating the injunction is affirmed.

*James, Yeaman, for appellant.*

*Vance & Merrett, Bush, for appellee.*